UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


RAYMOND L. ULMER                                    DOCKET NO. 11-CV-456

VERSUS                                              JUDGE MINALDI

ROBERT Y. HENDERSON, ET AL                          MAGISTRATE JUDGE KAY


**REPORT AND RECOMMENDATION**


Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff

Raymond L.Ulmer, filed *in forma pauperis* on March 16, 2011.  Doc. 1.  Plaintiff is an inmate in

the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is

incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana.  He complains

that he has been subjected to retaliation after requesting a transfer from CPP.  Doc. 1, p. 4-5.  As

relief, plaintiff seeks loss wages, punitive damages, injunctive relief, and costs.  Doc. 1, p. 4.

Plaintiff names as defendants DOC Secretary James M. Leblanc, CPP Warden Robert

Henderson, CPP Deputy  Warden Nathan B. Cain, CPP Colonel Gene Wilson, CPP

Classification Officer Richard Cole, and CPP Chaplain Robert Colquette.  Doc. 1, p. 3.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff claims that on September 25, 2010, he asked Chaplain Colquette to speak to

Warden Cain about a transfer request previously made by plaintiff to Warden Cain.  Doc. 1, p. 4.

Plaintiff claims that all was well until Chaplain Colquette approached Warden Cain to inquire

about the transfer.  *Id.*  At that point, plaintiff contends that Warden Cain began to penalize him for seeking a transfer.  *Id.*  These penalties came in the form of a denial of the transfer and a change in plaintiff's job–namely from a position making twenty cents per hour to one making four cents an hour.  *Id.*

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations   as   true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.  42 U.S.C. §1983

a.      Generally

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under § 1983 is

whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.  In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff's complaint, while brief, sufficiently details his claims and the court is convinced that further amendment of his complaint would serve no useful purpose.  Thus, for the reasons stated hereinafter, plaintiff  has failed to state a claim for which relief may be granted and his complaint should be dismissed with prejudice.

b.      Plaintiff's Claim

Plaintiff's basic claim herein is one for retaliation.  More specifically, he states that his transfer request was denied and that he was moved to a lower paying job because he asked for a transfer to a prison closer to New Orleans.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996).   However, as the Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods v. Smith*, 60 F.3d at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised  a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.  Causation

requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998).  "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084 (1996)).

 Plaintiff claims that defendant Henderson engaged in retaliation against him for seeking a transfer to another prison.  However, as plaintiff does not have a protected liberty interest in where he is placed.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976), which held that in the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another.  Thus, as plaintiff has no protected constitutional right to a transfer, it follows that seeking a request cannot form the basis of a claim for retaliation.

Even if plaintiff could bring a claims on that basis, he fails to offer anything more than conclusory allegations in support of the claim.  As previously stated, conclusory allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same.  In the present case, plaintiff's allegations of retaliation are insufficient to state a claim under this cause of action.  For this reason, plaintiff's claim should fail.

## CONCLUSION

**Therefore, IT IS RECOMMENDED** that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1) and 28  U.S.C. §

1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n.,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 4th day of October, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE